### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PETER O. SMITH,<br>CLOYD J. ROSE,<br>DONALD T. STEINHAUER,<br>SUSAN R. SMITH,<br>SHIRLEY A. STEINHAUER,<br>RITA J. ROSE, and<br>H. PLATT COMPANY,<br><br>Defendants. | Civ. No. 06-297 Erie |

## MEMORANDUM ORDER

Plaintiff initiated this action by filing a Complaint on December 19, 2006. In response, all Defendants filed a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). The first such motion was filed on February 27, 2007, by Donald T. Steinhauer and Shirley A. Steinhauer, represented by Edwin Smith, Esquire. On March 12, 2007, pro se Defendants Peter O. Smith and Susan R. Smith filed their motion for a more definite statement; and pro se Defendants Cloyd J. Rose and Rita J. Rose filed their motion for a more definite statement. Both of these motions were modeled on the motion filed on behalf of the Steinhauers. The Court denied all three motions on March 26, 2007.

On April 4, 2007, the Steinhauer Defendants filed their Answer to the Complaint and asserted a Crossclaim against the Smith Defendants and the Rose Defendants. The Court ordered that the Smith and Rose Defendants file their responses to the Complaint and the Crossclaim no later than May 16, 2007.

On May 15, 2007, Defendants Cloyd J. Rose and Rita J. Rose, now represented by Brian M. McGowan, Esquire, filed their Answer to the Complaint, a response to the Crossclaim of the Steinhauers, and asserted a Crossclaim of their own against Defendants Peter O. Smith, Susan R. Smith, and the Steinhauers. On May 18, 2007, the Steinhauers filed their Response to the Rose's Crossclaim. The Smiths never filed a response to the Complaint or the Crossclaims.

On June 1, 2007, Plaintiff filed for entry of Default against Peter O. Smith and Susan R. Smith. The Clerk entered Default against the Smiths on June 20, 2007. Also on June 21, 2007, both the Roses and Steinhauers requested Default be entered on their crossclaims against the Smiths, which was done by the Clerk on June 22, 2007.

With Default entered against the non-responding Defendants and all other parties having filed the appropriate responsive pleadings, on June 25, 2007, the Court set an Initial Rule 16.1 scheduling conference for August 8, 2007, which was then rescheduled for August 7, 2007 to accommodate the Court's schedule.

Also on June 25, 2007, Plaintiff filed a motion with a brief in support seeking leave to file an amended complaint. The Court granted Plaintiff's motion for leave to file an amended complaint on July 9, 2007, setting August 8, 2007 as the deadline for Plaintiff to file the Amended Complaint.

Sometime in late July, the Smith Defendants contacted the Court to inform the Court of their desire to be present at the Initial Rule 16.1 scheduling conference, and also requested that the conference date be moved as they expected to be out of town during that time period. On August 1, 2007, the Court cancelled the scheduling conference, but did not set a new date for a hearing since the Plaintiff was to file an Amended Complaint, which would require that all Defendants file responsive pleadings to the Amended Complaint.

On August 2, 2007, Plaintiff filed its Amended Complaint, asserting in paragraphs 1 through 28 as follows:

> 1-28. Travelers hereby incorporates its Complaint against Defendants Peter O. Smith, Cloyd J. Rose, Donald T. Steinhauer, Susan R. Smith, Shirley A. Steinhauer, and Rita J. Rose as if the same were fully set forth herein.

In paragraph 29, Defendant explained that the Amended Complaint was filed "solely for the purpose of adding another Co-Defendant, Platt . . . ." Defendant then proceeded to set forth allegations against Defendant Platt in paragraphs 30 through 41.

There is no indication on the docket sheet that service of the Amended Complaint has been made on the newly added Defendant, nor has service of the Amended Complaint been made on the pro se Defendants Peter and Susan Smith. Nonetheless, Plaintiff has moved the Court to enter default judgment against each of the Smith Defendants in the amount of $199, 676.13, based on the entry of Default pertaining to the original, now superseded, Complaint.

For the following reasons we will deny the motions for default judgment and set aside the entry of all defaults entered against the Smith Defendants. The Smiths are representing themselves in this action and have made an appearance in this matter when they filed their motion for a more definite statement. Plaintiff has filed an Amended Complaint, which in addition to adding a new party, also asserts claims against the Smiths.

Plaintiff supported its motion for leave to file an amended complaint by reference to Federal Rule of Civil Procedure 21, titled Misjoinder and Non-Joinder of Parties. In particular, Plaintiff quoted the following portion of Rule 21: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." However, Plaintiff did not file a motion to add a new party, nor did it reference any misjoinder or non-joinder of parties. Instead, Plaintiff moved the Court to grant it leave to file an Amended Complaint.

While it is true that in substance the Amended Complaint only adds a new party it is not for the Court, nor the Plaintiff, to determine that the addition of a party Defendant does not affect the

3

position of other Defendants. Moreover, had Plaintiff attached a copy of the Amended Complaint it wished to file to its motion for leave to file an Amended Complaint, it is likely that the Court would have required Plaintiff to file a single unified Amended Complaint that did not refer back to the Original Complaint.

In light of the filing of the Amended Complaint, the fact that the Smiths are unrepresented, and given their expressed desire to the Court to participate in this action we find that there is good cause to set aside the entries of Default against the Smiths.

We realize that this action is nearly a year old and is still not ready to be set for an initial Rule 16.1 scheduling conference. Nonetheless, in order to simplify this action, and hopefully move it forward, the Court will Order Plaintiff to file a Second Amended Complaint that sets forth its allegations in full against all seven Defendants in one unified pleading. In addition, Plaintiff shall serve the Second Amended Complaint on the Smith Defendants and Defendant H. Platt Company within 10 days of filing the Second Amended Complaint, and file proof of such service on the docket. Defendant Steinhauers and Roses shall file a responsive pleading to the Second Amended Complaint no later than twenty days after the Second Amended Complaint is filed by Plaintiff. Defendant Smiths and H. Platt Company shall file a responsive pleading to the Second Amended Complaint no later than twenty days after being served with the Second Amended Complaint, in accordance with Federal Rule of Civil Procedure 12(a)(1)(A). Failure to answer or otherwise file a responsive pleading by any Defendant may result in the entry of default upon motion of Plaintiff.

The following Order is hereby entered.

AND NOW, to-wit, this __1st__ day of November, 2007, it is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. The following entries of Default are hereby set aside:

    a. Clerk's entry of default as to Susan R. Smith (Doc. 21).

    b. Clerk's entry of default as to Peter O. Smith (Doc. 22).

4

      c. Clerk's entry of default as to cross defendant Peter O. Smith (Doc. 27).

      d. Clerk's entry of default as to cross defendant Susan R. Smith (Doc. 28).

      e. Clerk's entry of default as to cross defendant, Peter O. Smith (Doc. 32).

      f. Clerk's entry of default as to cross defendant, Susan R. Smith (Doc. 33).

**2.** Plaintiff's Motion for Default Judgment Against Peter O. Smith (Doc. 47) be and hereby is DENIED.

**3.** Plaintiff's Motion for Default Judgment Against Susan R. Smith (Doc. 49) be and hereby is DENIED.

**4.** Plaintiff shall file a Second Amended Complaint that sets forth its allegations in full against all seven Defendants in one unified pleading no later than November 13, 2007. Plaintiff shall serve the Second Amended Complaint on the Smith Defendants and Defendant H. Platt Company within 10 days of filing the Second Amended Complaint. Proof of service shall be filed on the docket.

**5.** Defendants Peter O. Smith, Susan R. Smith, and H. Platt Company shall file a responsive pleading to the Second Amended Complaint no later than twenty days after being served with the Second Amended Complaint, in accordance with Federal Rule of Civil Procedure 12(a)(1)(A).

Defendants Donald T. Steinhauer, Shirley A. Steinhauer, Cloyd J. Rose and Rita J. Rose shall file a responsive pleading to the Second Amended Complaint no later than ten days after the Second Amended Complaint is filed by Plaintiff.

Failure to answer or otherwise file a responsive pleading by any Defendant may result in the entry of default against the non-responding Defendant upon motion of Plaintiff.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:    counsel of record

       PETER O. SMITH
       16 Ferncliff Beach
       Erie, PA 16505

       SUSAN R. SMITH
       16 Ferncliff Beach
       Erie, PA 16505